**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lenin Martinez Arevalo,<br>Petitioner,<br><br>v.<br><br>James Janecka et al.,<br><br>Respondents. | Case No. 5:26-cv-04171-AYP<br><br>**ORDER GRANTING PETITION IN PART AND ISSUING A WRIT FOR HABEAS CORPUS** |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

On July 24, 2026, Petitioner Lenin Martinez Arevalo (A# 204-271-804), a native and citizen of Mexico, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his ongoing detention without a bond hearing under to 8 U.S.C. § 1226(a). (Dkt. No. 1 ("Petition").) Petitioner has been detained in Immigration and Customs Enforcement ("ICE") custody since April 1, 2026. *Id.*

Petitioner has lived in the United States since he was brought here as a young child on or about February 2001—more than twenty-five years ago. (Pet.

¶ 1.) He is the father of a United States citizen son who suffers from asthma, and he has deep and longstanding family and community ties in San Bernardino County, California. *Id.* On April 1, 2026, Petitioner was detained by Respondents pursuant to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Pet. ¶ 3.) Petitioner argues he is properly detained under 8 U.S.C. § 1226(a) and he is owed a bond hearing. Additionally, he argues his lack of a bond hearing violates his due process rights, his detention is not reasonably related to any legitimate purpose, and that if the court orders a bond hearing the government must bear the burden of establishing, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk within seven days.

Petitioner seeks relief in the form of a Writ of Habeas Corpus ordering his immediate release on recognizance or reasonable conditions of supervision or, in the alternative, to order a prompt, constitutionally adequate custody hearing at which the government bears the burden of proving, by clear and convincing evidence, that he is a flight risk or a danger to the community. *Id.*

On July 27, 2026, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. (Dkt. No. 3.) The case thereafter became fully consented pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. *See* Dkt. No. 6, General Order 26-05.

Also on July 27, 2026, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order setting an expedited briefing schedule. (Dkt. No. 5.) On August 3, 2026, Respondents filed their Answer to the Petition. (Dkt. No. 8 ("Answer").) In their Anwer, Respondents state that they oppose Petitioners

release because "has not set forth a tangible reason as to why immediate release would be justified here, particularly when the record suggests that Petitioner is in immigration proceedings, and he has a pending criminal matter." (Ans. at 2.) However, Respondents do not oppose a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. *Id*. Petitioner filed a Reply on August 15, 2026. (Dkt. No. 9.) Though late, the court accepts Petitioner's untimely Reply.

The Court has read and considered all papers filed by each side. For the reasons discussed below, the Court **GRANTS** in part the Petition for Writ of Habeas Corpus and orders that Respondents provide Petitioner with a constitutionally adequate bond hearing within seven days.

## II. FACTUAL BACKGROUND

Petitioner Lenin Martinez Arevalo (A# 204-271-804), a native and citizen of Mexico who has been detained in Immigration and Customs Enforcement ("ICE") custody since April 1, 2026. (Pet.) On or about February 2001, following the killing of his father in Mexico, Petitioner's mother fled with Petitioner and his younger sister and brought them into the United States through the San Ysidro Port of Entry, where, according to his mother's sworn declaration, the family was physically presented for inspection in a vehicle and permitted to proceed into the United States without being questioned or turned away. (Pet. ¶ 24.) Petitioner was a young child at the time and has been here for about twenty-five years. (Pet. ¶ 25.) Petitioner is the father of a United States citizen son, who suffers from asthma and for whom Petitioner provides emotional and financial support. *Id*. Petitioner's mother, sister, brother-in-law, and extended family reside in this district, and numerous declarations from family, friends, and former co-workers attest to his good moral character, steady work history, and role in his family and community. *Id*.

Petitioner has two pending criminal charges against him in the Superior

Court of California, County of San Bernardino (Victorville District): *People v. Martinez Arevalo*, No. FVI22003270 (filed Nov. 15, 2022) (charging violations of Cal. Health & Safety Code § 11370.1(a) and Cal. Penal Code § 25850(a)), and *People v. Martinez Arevalo*, No. FVI23002770 (filed Aug. 29, 2023) (charging violations of Cal. Health & Safety Code §§ 11351, 11378, and 11359(b), with on-bail enhancement allegations under Cal. Penal Code § 12022.1(b)). Petitioner pleaded not guilty to every count in both cases. He has not been convicted of any offense. From his arraignment in 2022 to his arrest by ICE on April 1, 2026, he has appeared at every required court hearing for these charges.

On April 1, 2026, ICE arrested Petitioner in San Bernardino County—in the interior of the United States, decades after his entry—and served him with a Notice to Appear charging that he is inadmissible under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. ICE transferred him the same day to the Desert View Annex of the Adelanto ICE Processing Center, where he has remained ever since. (Pet. ¶ 28.)

Because ICE detained him and did not produce him for his state court proceedings, Petitioner was unable to appear at the hearings scheduled in his pending criminal cases, including the preliminary hearings set for May 7, 2026. (Pet. ¶ 29.) As a result of his involuntary failure to appear, the Superior Court issued a bench warrant on May 7, 2026. *Id*. Petitioner's inability to appear—and the resulting warrants—are solely the product of his detention by ICE. *Id*.

Petitioner is in removal proceedings. Petitioner contested removability, presenting evidence—including his mother's sworn declaration—that he was waved through the San Ysidro Port of Entry as a child and was therefore "admitted" within the meaning of the INA under *Matter of Quilantan,* 25 I&N Dec. 285 (BIA 2010). (Pet. ¶ 30.) On June 29, 2026, following a contested

removability hearing, the Immigration Judge found that Petitioner had not met his burden to demonstrate the time, place, and manner of his entry, sustained the charge of inadmissibility under INA § 212(a)(6)(A)(i), and designated Mexico as the country of removal. Petitioner reserved appeal; the appeal deadline was July 29, 2026. *Id*.

Petitioner has applied for relief from removal, including asylum, withholding of removal, and protection under the Convention Against Torture (Form I-589), and cancellation of removal and adjustment of status for certain nonpermanent residents under INA § 240A(b)(1) (Form EOIR-42B), based in part on the exceptional and extremely unusual hardship his removal would cause his United States citizen child. (Pet. ¶ 31.) His removal proceedings remain pending, and no final order of removal exists.

Petitioner has now been detained for seven months. At no point has any neutral decisionmaker determined that Petitioner presents a flight risk or a danger to the community, or that his detention serves any legitimate purpose.

On July 24, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an order requiring Respondents to immediately release Petitioner on his own recognizance or, if necessary, on reasonable conditions of supervision, or to order that within seven (7) days Petitioner receive a custody hearing by express order of this Court, before an Immigration Judge who is directed to exercise custody jurisdiction notwithstanding *Matter of Yajure Hurtado*—at which (a) the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community; (b) the adjudicator must consider Petitioner's ability to pay and alternatives to detention; and (c) no adverse inference or weight may be given to nonappearances or warrant status in Petitioner's state criminal cases caused by his detention by ICE.

In their Answer, Respondents oppose Petitioner's request for immediate release arguing he "has not set forth a tangible reason as to why immediate release would be justified here, particularly when the record suggests that Petitioner is in immigration proceedings, and he has a pending criminal matter." (Ans. at 2.) Respondents do not oppose Petitioner's alternate request for a bond hearing.

In light of Respondents' response, the Court finds that Petitioner has demonstrated that his detention is pursuant to § 1226(a) and he is owed a bond hearing.

## III. DISCUSSION

### A. Legal Standard

Writs of habeas corpus may be granted by the federal courts to noncitizens in the custody of immigration authorities. 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus" extends to individuals "in custody in violation of the Constitution or laws or treaties of the United States."); *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024) (holding that petition challenging alien's detention without bond hearing fell within the "core of habeas"). The writ is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Fifth Amendment provides that "[n]o person shall ... be deprived of ... liberty ... without due process of law." U.S. Const. amend. V. That protection extends to all persons in the United States, "including aliens,

whether their presence here is lawful, unlawful, temporary, or permanent." *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Id.* at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Garro Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33(N.D. Cal. 2025) (collecting cases).

In *Morrissey v. Brewer*, the Supreme Court recognized that the decision to release a criminal defendant from custody on parole creates "at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions," generating a liberty interest that "is valuable and must be seen as within the protection of" due process. 408 U.S. 471, 482 (1972). District courts in this circuit consistently recognize that this principle extends to individuals subject to removal proceedings; "[j]ust as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen] have a liberty interest in remaining out of custody on bond." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019); *accord Garro Pinchi*, 792 F.Supp.3d 1025, 1032–33 (collecting cases for the proposition that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody").

**B. Petitioner Has Been Detained Pursuant to 8 U.S.C. § 1226(a) and is Entitled to a Bond Hearing.**

Petitioner's entitlement to a pre-deprivation hearing is dependent on the authority under which he is detained. The Court establishes that the discretionary framework of 8 U.S.C. § 1226 governs Petitioner's detention. Under

8 U.S.C. § 1225(b)(2)(A), mandatory detention without the possibility of bond applies only to aliens seeking admission at the border or a port of entry, not to aliens who are apprehended in the interior of the United States. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026). Such interior aliens remain subject instead to the discretionary detention scheme of 8 U.S.C. § 1226(a), which entitles them to an individualized bond hearing, because the statutory definition of "admission" as lawful "entry . . . into the United States," 8 U.S.C. § 1101(a)(13)(A), combined with § 1225(b)(2)(A)'s requirement that the alien be "seeking" that entry, confines the mandatory-detention provision to aliens actively attempting to cross into the country. *Rodriguez Vazquez*, 183 F.4th 1160 at 1172–73. This reading applies even though such aliens are "deemed" "applicant[s] for admission" under the separate deeming provision of § 1225(a)(1), since that phrase is a term of art that does not place them in a perpetual state of "seeking" entry. *Id.* at 11, 14–15 (citing *Torres v. Barr*, 976 F.3d 918 (9th Cir. 2020) (en banc)).

Accordingly, as the current record indicates that Petitioner has been residing in and was detained in the interior of the United States *See* Pet. Section 1226 ("§ 1226") generally governs the arrest, detention, and release of noncitizens present in the United States pending removal proceedings. Under the "default rule" of § 1226(a), a noncitizen may be either detained or released on bond or conditional parole pending a decision on whether they are to be removed. *Jennings v. Rodriguez*, 583 U.S. 281, 288, 306 (2018). Pursuant to federal regulations, an alien detained under this provision is entitled to seek a bond hearing before an immigration judge. 8 C.F.R. § 236.1(d)(1); *see Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")

Thus, Petitioner's detention is governed by § 1226(a) and he is owed a bond

hearing.

**C. Petitioner's Remaining Arguments.**

Because the Court concludes that Petitioner is owed a bond hearing pursuant to 8 U.S.C. § 1226(a), it declines to address his alternative arguments including whether due process requires a bond hearing after four months and whether his detention bears a reasonable relation to

## IV. CONCLUSION

Accordingly, it is ORDERED that the Petition is granted in part. Within seven (7) days of the entry of judgment, Respondents must provide Petitioner, Lenin Martinez Arevalo (A# 204-271-804) with a constitutionally adequate bond hearing before an immigration judge at which the government bears the burden of proving by clear and convincing evidence that the detention of Petitioner is necessary because Petitioner is an unacceptable danger to the community or an unacceptable risk of flight. The parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has received a bond hearing.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

Dated: November 4, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE